United States District Court
Southern District of Texas

**ENTERED**

January 04, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZIMA R. ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.17-3516 |
| | § | |
| PACESETTERS PERSONNEL SERVICES, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] is Plaintiff's Motion for Appointment of Counsel (Doc. 2). For the reasons discussed below, the court **DENIES** the motion and **RECOMMENDS** that this action be **DISMISSED.**

On April 21, 2017, Plaintiff filed an administrative complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining that her former employer, Pacesetter Personnel Services, wrongfully suspended her employment for thirty days and failed to dispatch her to jobs after she complained to her supervisor and to the EEOC about perceived unfair treatment. Plaintiff alleged that her supervisor's actions were based on Plaintiff's race and sex and in retaliation for seeking advice from the EEOC.

On June 14, 2017, Plaintiff received her right-to-sue letter

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5.

from the EEOC.  The letter stated that the EEOC was unable to conclude that her employer violated Title VII of the Civil Rights Act of 1964 and notified Plaintiff that she had ninety days from the date of the letter's receipt to file a lawsuit.

Plaintiff filed the present discrimination action on November 14, 2017, against her former employer and other staffing companies that failed to hire her for more than minimum-wage pay.

Title VII provides for the appointment of counsel "in such circumstances as the court may deem just." Paskauskiene v. Alcor Petrolab, L.L.P., 527 F. App'x 329, 333 (5th Cir. 2013)(quoting 42 U.S.C. § 2000e-5(f)(1))(unpublished).  However, there is no automatic right to the appointment of counsel in a civil case.  In determining whether to appoint counsel, the court may consider the plaintiff's financial ability to retain counsel, the merits of plaintiff's claims and the efforts taken by the plaintiff to obtain counsel.  Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990).

In her motion, Plaintiff states that she cannot afford an attorney because her only income is Supplemental Security Income in the amount of $735 per month.  The court agrees that Plaintiff does not have the financial ability to hire counsel.  The court next considers the merits of Plaintiff's claims against her employer.

There are two statutory prerequisites for filing a Title VII action in federal court: (1) the timely filing of a complaint with the EEOC; and (2) the receipt of the statutory notice of the right

to sue.  <u>Bowers v. Potter</u>, 113 F. App'x 610, 612 (5th Cir. 2004) (unpublished) (citing <u>Dao v. Auchan Hypermarket</u>, 96 F.3d 787, 788-89 (5th Cir. 1996)).  Title VII further provides that a plaintiff has ninety days to file a civil action after receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12177; <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 379 (5th Cir. 2002) (citing <u>Nilsen v. City of Moss Point, Miss.</u>, 674 F.2d 379, 381 (5th Cir. 1982)); <u>Dortch v. Mem'l Hermann Healthcare Sys.-Sw.</u>, 525 F. Supp.2d 849, 859 (S.D. Tex. 2007).

The requirement to file a lawsuit within the ninety-day limitation period is strictly construed.  <u>Bowers</u>, 113 F. App'x at 612 (citing <u>Ringgold v. Nat'l Maintenance. Corp.</u>, 796 F.2d 769, 770 (5th Cir. 1986)).  In discussing this filing deadline, the Fifth Circuit has cautioned, "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'  For all intents and purposes, the ninety-day filing period acts as a statute of limitations."  <u>Bowers</u>, 113 F. App'x at 612 (internal citations omitted).

Plaintiff's complaint states that she received the right-to-sue notice on June 14, 2017.[2]  In light of this admission, it is clear that Plaintiff filed this suit approximately two months too late.

Plaintiff's motion for appointment of counsel is **DENIED**; it is

---

[2]       <u>See</u> Doc. 1, Pl.'s Compl. p. 5.

3

**RECOMMENDED** that this action be dismissed for Plaintiff's failure to timely file suit.

The court notes that Plaintiff has not paid the Clerk's filing fee. In light of Plaintiff's income, it is **ORDERED** that this action be deemed to have been filed in forma pauperis.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of January, 2018.

_____
U.S. MAGISTRATE JUDGE

4